```
                                                         FILED
                                                    U.S. DISTRICT COURT
CARLIE CHRISTENSEN, Acting United States Attorney (No. 633)
SCOTT J. THORLEY, Assistant United States Attorney, (No. 3248)   OCT 25  P 2:50
Attorneys for the United States of America              DISTRICT OF UTAH
185 South State Street, Suite 300
Salt Lake City, Utah 84111                              BY:_____
Telephone: (801) 524-5682                                   DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.   2:10-CR-00271 DB |
| Plaintiff, | : | |
| | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| vs. | : | |
| RUBEN URIBE, | : | |
| Defendant. | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1. As part of this agreement with the United States, I intend to plead guilty to Count 1 of the Indictment, Aiding and Assisting in the Filing of a False Tax Return, a violation of Title 26 U.S.C. § 7206(2). My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me. The elements of Count 1 are:

   First: the defendant aided or assisted in, counseled, and advised the preparation of a Form 1040A for the year 2006;

   Second: this Form 1040A falsely stated tax exemptions and exhibits as recorded in the indictment;

   Third: the defendant knew the statement in the Form 1040A was false;

   Fourth: the defendant acted willfully, that is, with the voluntary intent to violate a known legal duty;



Fifth: the false statement was material.

2(a). I know that the maximum possible penalty provided by law for Count 1 of the Indictment, a violation of 26 U.S.C. § 7206(2), is a term of imprisonment of up to three years, a fine of $250,000, and a term of supervised release of up to three years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

(b) Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

(c) If I am not a U.S. citizen, I understand that my guilty plea may carry a risk of adverse immigration consequences and have fully discussed those consequences with my lawyer. Defendant is a U.S. Citizen.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. **However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.**

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

(a) I have a right to the assistance of counsel at every stage of the proceeding.

(b) I have a right to see and observe the witnesses who testify against me.

(c) My attorney can cross-examine all witnesses who testify against me.

(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.



-2-

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that the United States may only appeal if the acceptance of the plea and sentence is contrary to terms of the plea agreement entered pursuant to Rule 11(c)(1)(C) and that 18 U.S.C. § 3742(c)(2) otherwise sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> L.M. and Y.M. approached me to prepare their tax returns. While I was preparing their tax return for 2006, I told L.M. that his tax situation would be better if he had dependants that he could claim on his income tax return. I then introduced L.M. to another individual and told L.M. that he could pay the other individual an amount of money (between $200 and $300) so that L.M. could claim this other individual's dependants on his tax return. I then prepared a tax return for L.M. listing as dependants children who I knew L.M. was not legally entitled to claim as dependants. I did the above knowing that it was not legal under the Internal Revenue Code.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:



A. The defendant agrees:

(1) I will plead guilty to count 1 of the Indictment;

(2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal if the sentence imposed is greater than the sentence set forth in this agreement or the sentence was imposed in violation of 18 U.S.C. § 3742(a)(1) or (2);

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth in ¶ 2(a) above, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255;

(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver;

(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to, the imposition of imprisonment, fines, supervised release, probation (and any specific terms and conditions thereof), and any orders of restitution;

(4) To prepare my Pre-Sentence Report, I acknowledge that the United States Probation Office will ask me to complete the "Probation 48 Financial Packet" and to provide supporting documentation for the representations I make therein. I agree to truthfully and accurately complete the "Probation 48 Financial Packet" and to provide a copy of it and all supporting documentation attached thereto to the United States Probation Office and to the United States Attorney's Office within **three weeks** of my change of plea. I also consent to allowing the United States Attorney's Office to run a credit check on me. I understand that providing false or incomplete information or refusing to provide this information may be used as a basis for: (1) a separate prosecution under 18 U.S.C. § 1001; (2) the denial of a reduction for acceptance of responsibility pursuant to Sentencing Guideline Section 3E1.1; and/or (3) an enhancement of my sentence for obstruction of justice under Sentencing Guideline 3C1.1.

-4-

B. The United States agrees:

(1) To dismiss Counts 2 through 27 at the time of sentencing.

C. The Parties Agree:

(1) Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the sentence imposed by the Court will be a sentence of 12 months and one day imprisonment, and further agree that 12 months and one day is a reasonable sentence, and is the appropriate disposition of the case.

(2) This agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and the parties agree to fully cooperate in the preparation of the Presentence Report.

(3) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 12 months and one day will be imposed, the defendant will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 12 months and one day, the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

(4) All other sentence provisions (e.g., supervised release, restitution, assessments, etc.) will be imposed in accordance with applicable law.

\* \* \* \*

I make the following representations to the Court:

1. I am 32 years of age. My education consists of ___High School___. I ___[(can)/cannot]___ read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court. .

2. No one has made threats, promises, or representations to me that have caused me to plead guilty.

3. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this

agreement because I agree with the terms and all of the statements are correct.

DATED this __11__ day of October, 2011.

_____
RUBEN URIBE
Defendant

-6-

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

    DATED this __11__ day of October, 2011.

                                             RONALD YENGICH
                                             Attorney for Defendant

    I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

    DATED this __25th__ day of October, 2011.

                                             CARLIE CHRISTENSEN
                                             Acting United States Attorney

                                             SCOTT J. THORLEY
                                             Assistant United States Attorney